IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN TAXI DISPATCH, INC., an Illinois corporation, ) ) ) Plaintiff, ) ) v. ) ) AMERICAN METRO TAXI & LIMO CO., an Illinois corporation, DAVID ZAYA, MORIS ZAYA, MIHAI POPESCU, ROMEO WARDA, FRANK THMUD, SEARG AKEBA, JAY ABHISHEK, ALI MARWIN, EDMON GABRLIA, DAVID EHEIN, NIKOLAY TANCHEU THAER SELAMAN, BEMGEN MECHO, GEORGE TANCHEU, YOUSEF KITANA, AND THAER AWAD, ) ) ) ) ) ) ) ) ) ) ) Defendants. ) | Case No.: 07 C 2602<br><br>Judge Amy J. St. Eve |

**MOTION FOR ENTRY OF A PERMANENT INJUNCTION AND AN AWARD OF LEGAL FEES AND DEFENDANTS' PROFITS**

**NOW COMES** the Plaintiff, American Taxi Dispatch, Inc. (hereinafter "Plaintiff"), by and through its attorneys, The Thollander Law Firm, Ltd. and respectfully requests that this Court enter an Order permanently enjoining Defendants, American Metro Taxi & Limo Co., and David Zaya, from using the mark "American Taxi" and an award of legal fees and ill-gotten profits received by these Defendants. In support hereof, Plaintiff states as follows:

1. On July 9, 2008, this Honorable Court granted Plaintiff's Motion for Default against Defendant American Metro Taxi & Limo Co. ("Defendant American Metro"). Furthermore, the Court directed Defendant David Zaya ("Defendant Zaya") to

`

file his appearance and answer or otherwise plead to the Complaint by August 22, 2008. Defendant Zaya has failed to comply with this Court's Order and is now in default.

2. Plaintiff now moves for an Order permanently enjoining Defendant American Metro and Defendant Zaya from using the mark "American Taxi" or any variation thereof. Plaintiff similarly moves for an Order awarding Plaintiff legal fees as well as the ill-gotten profits received by these Defendants.

## INJUNCTIVE RELIEF

3. As both Defendant American Metro and Defendant Zaya are in default of this Court's previous Order, and in particular Defendant American Metro, the United States Trademark Act (15 U.S.C. § 1116) empowers this Court to permanently enjoin the Defendants from using Plaintiff's mark. Thus, Plaintiff moves for a permanent injunction.

4. Plaintiff further notes that Defendant Zaya has asserted that Defendant American Metro has been "dissolved" as an Illinois corporation. Aside from Defendant Zaya failing to produce proof of said act, such event does not prevent, inhibit or preclude a permanent injunction or a monetary award against Defendant American Metro. Indeed, under the Illinois Business Corporation Act of 1983, as amended, an action against a dissolved company may be brought up to five (5) years after its dissolution (805 ILCS 5/12.80). Hence, the purported dissolution has no impact in the Court's authority to enter a permanent injunction or monetary award.

## ATTORNEYS FEES

5. Section 1117 of the Trademark Act (15 U.S.C. § 1051, *et seq.*) similarly sets forth the remedies available to Plaintiff. Defendants' acts in infringing upon Plaintiff's marks were willful, as specifically alleged by the Plaintiff (See, Amended Complaint,

Count I, paragraphs 31, 34, 39; Count II, 42; and Count III, 45). Further Plaintiff sought an award of legal fees associated with Count IV (section 3 of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1, et seq.)) and Count V (section 10(c) of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1, *et seq.*)).

      6.     The law of this Circuit clearly allows the district court to award attorney's fees based upon the defendants "malicious, fraudulent, deliberate or willful" infringement. *Roulo v. Russ Berrie,* 886 F.2d 931 (7th Cir. 1989), cert denied, 493 U.S. 1075, 110 S.Ct. 1124, 107 L.Ed2d 1030 (1990). The acts and actions of Defendant American Metro have been deliberate as reflected upon its intent to continue to use the mark even after this Court enjoined the use of Plaintiff's mark. Deliberate use, without maliciousness, warrants an award of attorney's fees and costs. See, *AT & T Corp. v. Synet, Incorporated*, 1997 WL 89228, 45 U.S.P.Q.2d 1656 (N.D. Ill. 1997).

      7.     Attached hereto and incorporated by reference as Exhibit A is a true and correct copy of the Affidavit of David C. Thollander identifying the legal time expended and the amount sought in this Motion.

## AWARD OF PROFITS/REVENUES

      8.     Section 1117 of the Trademark Act (15 U.S.C. § 1051, *et seq.*) similarly allows for Plaintiff to recover Defendant American Metro and Defendant Zaya's profits derived from their infringement. A true calculation of Defendants' profits is difficult as the Defendants have failed to fully comply with discovery. However, Defendant American Metro did produce a 2007 U.S. Corporation Income Tax Return, Exhibit B attached hereto, reflecting income for 2007 of $76,833.00. Defendant American Metro was incorporated

3

on February 2, 2007 (Exhibit B). Defendant American Metro notes that $56,416.00 was paid to "drivers" for compensation yet such is contradicted by Defendant American Metro's "Answer to Complaint for Trademark Infringement and Unfair Competion (sic)" paragraphs 4, 6, 21, 29, (court document 96-4) indicating that it operated a taxi dispatch company and received a weekly dispatch fee for dispatch service. Plaintiff notes that this "Answer" was certified by John Khio, a designated representative of Defendant American Metro. As such there could be no "payment" to drivers but conversely, money received from drivers. The $56,416.00 presents a reasonable number associated with the profits of Defendant American Metro and Defendant Zaya. "A wrongdoer may not complain of the inexactness where his actions preclude precise computation of the extent of the injury. Where the wrong is of such a nature as to preclude exact ascertainment of the amount of damages, plaintiff may recover upon a showing of the extent of the damages as a matter of just and reasonable inference, although the result may be only an approximation". *Pearle Vision, Inc. v. Star Vision Centers, Inc*., 2008 WL 2329196 (S.D.Ala. 2008).

9. As Defendant Zaya was the sole officer, director and shareholder of Defendant American Metro through December 10, 2007, (See, Exhibit C attached hereto) the purported revenue stream of Defendant American Metro may be attributable to him as he controlled the company and its acts.

10. Plaintiff moves for an award of $56,416.00, plus treble damages under Section 1117 of the Trademark Act against Defendant American Metro and Defendant Zaya, jointly and severally.

**WHEREFORE,** the Plaintiff, American Taxi Dispatch, Inc., respectfully requests that this Honorable Court enter an Order permanently enjoining the use by Defendants

American Metro Taxi & Limo Co. and David Zaya of Plaintiff's registered mark "American Taxi", award Plaintiff legal fees against the Defendants jointly and severally in the amount of $51,370.50, award Plaintiff the profits Defendants American Metro Taxi & Limo Co. and David Zaya received in 2007; treble damages; and for such other and further relief as this Court deems just and equitable.

        Respectfully submitted,

        *American Taxi Dispatch, Inc.*

        By: <u>/s/ David C. Thollander</u>
            One of its Attorneys

The Thollander Law Firm, Ltd.
1048 Ogden Avenue
Suite 200
Downers Grove, Illinois 60515
(630) 971-9195 (voice)
(630) 971 – 9240 (facsimile)
ARDC No.:　6202012